UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-23807-Civ-COOKE/TORRES

ESTHER WILLIAMS HSING-O,
a Florida citizen and resident,

       Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda
corporation d/b/a NORWEGIAN CRUISE LINES
a Bermuda corporation,

       Defendant,
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

This matter is before the Court on Esther Williams Hsing-O's ("Plaintiff") motion to compel [D.E. 34] against NCL (Bahamas) LTD.'s ("Defendant"). [D.E. 34]. Defendant responded to Plaintiff's motion on August 18, 2017 [D.E. 38] to which Plaintiff replied on August 25, 2017. [D.E. 41]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

# I. ANALYSIS

This action arises out of injuries that Plaintiff sustained while she was a passenger onboard the Defendant's cruise ship, the *Norwegian Sky*. Following a trip and fall in her cabin bathroom, Plaintiff sustained a compression fracture that the shipboard medical staff allegedly failed to diagnose and treat. On June 10, 2017, Plaintiff propounded interrogatories and requested discovery on similar slip and falls within Defendant's fleet for four years prior to the accident in this case:

> 10. Identify all other persons, including passengers and/or crew, who reported a trip and fall on the same or similar shower ledge identified in this lawsuit aboard all 'sister ships'/ 'similar class vessels' as the cruise ship identified in the Complaint within Defendant's fleet for the four (4) years prior to and since the subject accident.

[D.E. 34].

On June 16, 2017, Plaintiff served its list of 30(b)(6) deposition topics and one of the areas of inquiry was to discover "[a]ll facts and information known including number, location, and identity of all persons who reported a prior similar trip and fall while aboard the Defendant's cruise ships for the five years prior to the date of the incident." [D.E. 34-2]. The night before the scheduled deposition, Defendant repeated its objections to interrogatory 10 and stated: "Notwithstanding this objection, NCL's corporate representative is prepared to testify regarding prior trips and falls within guest cabin bathrooms onboard the Norwegian Sky for the three (3) year period prior to Plaintiff's claimed incident." [D.E. 34-3].

The deposition went forward on July 19, 2017 and Ms. Williams-Inman was designated to discuss the topics of inquiry. Instead of being prepared to testify

2

about prior trip and falls in the cabin bathrooms for the previous three years, Plaintiff alleges that defense counsel arbitrarily narrowed the scope of the testimony even further. Specifically, Plaintiff suggests that an in-house lawyer for Defendant, Jeffery Probst, searched the Defendant's databases and created a list of prior accidents. That list was then purportedly given to outside counsel who (1) narrowed that list down to four incidents, (2) included a brief description of each incident, and (3) created a chart for Ms. Williams-Inman to use at the deposition. Aside from this list, Plaintiff alleges that Ms. Williams-Inman had no substantive knowledge about the incidents to which she testified, and no knowledge about any other prior incidents, despite the fact that Defendant created a longer and more complete list that was not produced. Therefore, Plaintiff believes that Defendant should be compelled to provide better answers to interrogatory 10, providing not only the list that was created internally (as opposed to that created by counsel), as well as the same list for all vessels in its class for a five year period.

Plaintiff also claims that Defendant failed to comply with the Federal Rules in terms of preparing the corporate deponent. Despite the fact that Defendant's in-house counsel prepared a list of prior similar incidents for the deposition, Plaintiff suggests that Ms. Williams-Inman willfully declined to review the list, instead relying solely on the condensed list that outside counsel put together. Plaintiff states that the corporate deponent had no further information about prior incidents aside from what outside counsel prepared, despite the fact that Defendant prepared documents regarding each incident that she could have reviewed.

3

Furthermore, Plaintiff contends that she served a request for production on January 18, 2017, requesting all photographs and video depicting the Plaintiff. [D.E. 34-4]. On February 24, 2017, Defendant responded, stating that it would supplement its response subject to any applicable privilege. Yet, the Defendant allegedly never advised that it was in possession of any footage until the deposition of Ms. Williams-Inman when she began to testify based upon a review of the footage. Plaintiff suggests that the footage is of critical importance, as one of the issues on her medical negligence claim is whether or not the shipboard doctor visited Plaintiff at the scene of the incident. Because Plaintiff has requested a copy of the footage and still has not received it in a useable format, Plaintiff believes that the discovery requested should be compelled accordingly. In sum, Plaintiff seeks to (1) compel disclosure of Defendant's internal list of prior incidents for a 5 year period for similar vessels as the *Norwegian Sky*, and to (2) compel production of the video footage within 5 days.

In response, Defendant argues that Ms. Williams-Inman was well prepared for her deposition and that she testified regarding prior trips and falls within *cabin bathrooms* onboard the *Norwegian Sky* for the 3 year period prior to Plaintiff's alleged incident. More specifically, Defendant claims that Ms. Williams-Inman testified that a prior incidents search was completed and that it generated a list that included trips in cabins (the living space where guests sleep) as well as trips in bathrooms within the last three years. Incidents involving trips in the living spaces of the cabins were apparently then eliminated from the search results

because they were allegedly not responsive to any of Plaintiff's discovery requests. As Ms. Williams-Inman stated:

> Q: Okay. And how – what specifically did Mr. Probst search for in Prospective?
> A: He put in the parameters of three years prior to the date of her incident, trips in cabins.
> Q: Okay.
> A: And then once he pulled that information, he gave it to our outside counsel, and they were able to go ahead and review it and pull out the ones that said cabin bathrooms, not just cabins.

[D.E. 34-2 at 41:1-18].

Given Ms. Williams-Inman's testimony, Defendant argues that it did not narrow the scope of prior incidents from three years on the cruise ship within cabin bathrooms as Plaintiff claims. Instead, Defendant claims that it merely eliminated unresponsive, irrelevant prior trips occurring in the *cabin living spaces* from the initial search results. Trips in cabin living spaces have allegedly never been asked for in this litigation and even if they were, Defendant suggests that they are irrelevant to the claims and defenses asserted in this action and that they are not proportional to the needs of this case. As such, Defendant posits that no incidents taking place in cabin bathrooms for the previous three years on the *Norwegian Sky* were withheld.

Second, Defendant contends that Plaintiff's motion lacks merit because Plaintiff viewed the video footage at issue during the deposition of Ms. Williams-Inman. Defendant suggests that the video footage is not materially important anyway because it does not depict the alleged trip and fall. Instead, it purportedly shows Plaintiff being escorted to the medical infirmary in a wheelchair. After

5

Plaintiff viewed the footage at the deposition, Defendant argues that she had an adequate opportunity to question Ms. Williams-Inman. And following the deposition, Defendant claims that it attempted to convert the footage to a viewable format, but was unable to do so. Defendant states that this is not a situation where defense counsel can simply email or mail the video footage, presumably because of the size of the video file. In any event, Defendant reiterates that the video files have been provided to Plaintiff as of August 17, 2017 and that Plaintiff's motion on this basis is moot.

As an initial matter, we agree that Defendant should be required to produce the contents of its internal search for all slip and falls in cabin bathrooms for any vessel in the same class as the cruise ship identified in Plaintiff's complaint. While Defendant suggests that the scope of any discovery should be limited to only the cruise ship where Plaintiff fell, there is nothing to indicate that the circumstances presented support such a restricted scope. Indeed, the configuration of the cabin bathrooms and shower designs are allegedly common to Defendant's other ships – a contention that Defendant does not rebut in its response to Plaintiff's motion.

However, we also agree with Defendant that three, rather than five, years is sufficient to determine whether any similar prior occurrences show that Defendant was on notice about any dangers in connection with the cabin bathrooms. *See, e.g., Shorenstein v. Target Corp.*, 2016 WL 7637280, at *3 (S.D. Fla. June 2, 2016) ("Plaintiffs' counsel may inquire into other incidents involving rolled curbs at any of the Target stores in Palm Beach County, Broward County, or Miami-Dade County

6

for the three years prior to Plaintiff's incident."). As such, Defendant is compelled to provide a better response to interrogatory 10 and produce any relevant non-privileged documents within the last three years that identify a slip and fall in a cabin bathroom on any vessel of the same class as the cruise ship identified in Plaintiff's complaint within seven (7) days from the date of this Order. To this extent, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

As for the parties' dispute on the production of the video footage, we agree with Plaintiff that Defendant *must* produce the video footage in a useable format. Defendant noticeably omits in its response why the video, which allegedly existed for several months, never informed Plaintiff prior to the deposition that it existed or produced it long ago. It appears that only after Ms. Williams-Inman identified that the video footage existed that Defendant confirmed that it was in possession of this discovery.

To be specific, there are four videos that need to be produced, each of which is roughly an hour in duration. Plaintiff argues that it took the Defendant until the day of its response to produce the video footage. Yet, Plaintiff contends that as of August 25, 2017, Defendant has still not produced the video footage in a useable format. We agree with Plaintiff that it remains unclear as to why the video footage cannot be produced in a useable format. And Defendant has presented no justifiable reason why the conversion of this video footage is such a challenging exercise. Therefore, on this basis, Plaintiff's motion is **GRANTED** and Defendant

is compelled to produce to Plaintiff the video footage at issue in a *useable* format within seven (7) days from the date of this Order.

A final point of inquiry is whether another 30(b)(6) deposition should be compelled given that, during the deposition of Ms. Williams-Inman, Defendant did not produce all of the documents requested and failed to produce the video footage discussed above. Given the circumstances presented, a second deposition is appropriate but it shall be limited to no more than two (2) hours in length and focus on the outstanding discovery (i.e. the video footage and prior incidents within the last three years onboard either the *Norwegian Sky* or similar vessels) that Defendant needs to produce. To this extent, Plaintiff's motion is **GRANTED**.

## II.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel is **GRANTED in part** and **DENIED in part**. [D.E. 34]. Defendant is compelled to provide a better response to interrogatory 10 and produce any relevant non-privileged documents within the last three years that identify a slip and fall in a cabin bathroom on any vessel of the same class as the cruise ship identified in Plaintiff's complaint within seven (7) days from the date of this Order. Defendant is also compelled to produce to Plaintiff the video footage at issue in a useable format within seven (7) days from the date of this Order. And, to the extent Plaintiff seeks another 30(b)(6) deposition, that shall occur no later than ten (10) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of September, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge